UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NETSOFT USA, INC.,

                        Plaintiffs,

-against-

INCREMAX TECHNOLOGIES
CORPORATION, KERRY GERONTIANOS
and LOUIS GIUFFRE,

                        Defendants.

06-CV-14348 (CM) (DCF)

---

## ANSWER OF INCREMAX TECHNOLOGIES CORPORATION
## AND KERRY GERONTIANOS

Defendants Incremax Technologies Corporation ("Incremax") and Kerry Gerontianos ("Gerontianos") for their answer to the Complaint:

1. Deny the averments of paragraph 1, except state that Plaintiff purports to bring an action for monetary damages and injunctive relief.

2. Deny the averments of paragraphs 2, 3, and 4, except state that Plaintiff purports to base jurisdiction and venue for this action on the statutes set forth therein.

3. Deny knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraphs 5, 16, 27, 28, 57, 61, 62, 69, 70, 82, 105, 106 and 107.

4. Admit on information and belief the averments of paragraph 6.

5. Admit the averments in paragraphs 7 and 9.

6. Deny the averments of paragraph 8 to the extent that such averments purport to assert that Defendant Incremax and Plaintiff provide IT consulting services to the same type of companies, and otherwise admit the remaining averments.

7. Deny knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 10, except state that Defendant Giuffre became an employee of Defendant Incremax on or about July 24, 2006.

8. Deny knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 11, except Admit on information and belief that Defendant Giuffre was employed by Plaintiff.

9. Deny knowledge or information sufficient to form a belief as to the truth of the averments of paragraphs 12, 13, and 56, and refer to the alleged Employment Agreement for the terms thereof.

10. Deny the averments of paragraphs 14, except refer to the alleged Employment Agreement for the terms thereof.

11. Deny knowledge or information sufficient to form a belief as to the truth of the averments of paragraphs 15 and 58, except refer to the alleged Separation Agreement for the terms thereof.

12. Deny the averments of paragraph 17 to the extent such averments purport to relate to Defendants Incremax and Gerontianos, and deny knowledge or information and belief sufficient to form a belief as to the truth of the remaining averments.

13. Deny knowledge or information sufficient to form a belief as to the truth of the averments in the first sentence of paragraph 18, admit that a meeting took place between Defendants Giuffre and Gerontianos and between Defendant Giuffre's administrative assistant and Defendant Gerontianos, but deny that Defendant Giuffre was present during the meeting between Defendant Gerontianos and Defendant Giuffre's administrative assistant, and deny the remaining averments.

14. Deny the averments of paragraphs 19, 20, 26, 29, 31, 32, 33, 34, 37, 38, 39, 40, 43, 44, 45, 46, 47, 49, 53, 54, 60, 65, 66, 67, 71, 72, 73, 74, 75, 76, 77, 79, 80, 81, 84, 85, 86, 87, 88, 90, 91, 92, 93, 94, 95, 96, 98, 99, 100, 101, 102, 103 and 110.

15. Deny the averments in the first sentence of paragraph 21, and deny knowledge or information sufficient to form a belief as to the truth of the remaining averments.

16. Deny the averments of paragraph 22, and refer to the alleged email for the contents thereof.

17. Deny the averments of paragraph 23, except admit that Defendant Gerontianos received emails from Defendant Giuffre.

18. Deny the averments of paragraph 24, except deny knowledge or information sufficient to form a belief as to the truth of the averments that purport to characterize the manner in which information was allegedly taken from Plaintiff.

19. Deny the averments in the first sentence of paragraph 25, and deny knowledge or information sufficient to form a belief as to the truth of the averments in the second sentence.

20. Deny the averments of paragraphs 29 and 30 to the extent such averments purport to relate to Defendants Incremax and Gerontianos, and deny knowledge or information sufficient to form a belief as to the truth of the remaining averments.

21. State that no responsive pleading is required with respect to paragraphs 35, 41, 48, 55, 63, 68, 78, 89, 97, and 104.

22. Deny the averments of paragraph 36, except state that Plaintiff purports to assert a claim against Defendants under Section 1030 of the Computer Fraud and Abuse Act.

23. Deny the averments of paragraph 42, except state that Plaintiff purports to assert a claim against Defendants under Sections 1962 and 1964 of the Racketeer Influenced Corrupt Organization Act, and further states that by stipulation dated June 26, 2007 and order dated June 27, 2007, the RICO claim has been dismissed.

24. Deny the averments of paragraphs 50, 51 and 52 to the extent such averments purport to relate to Defendants Incremax and Gerontianos, and deny information and belief sufficient to form a belief as to the truth of the remaining averments.

25. Deny the averments of paragraph 59 to the extent they purport to relate to Defendants Incremax and Gerontianos, and deny knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 59 to the extent they purport to relate to Defendant Giuffre, and refer to the alleged Separation Agreement and Employment Agreement for the terms thereof.

26. Deny the averments of paragraph 64, except state that Defendants Incremax and Gerontianos only became aware that Defendant Giuffre had certain written agreements with Plaintiff *after* Defendant Giuffre became employed by Incremax.

27. Deny knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 83.

28. State that no responsive pleading is required to paragraph 108, as it is an assertion of a conclusion of law.

29. Deny knowledge or information sufficient to form a belief as to the remaining averments of paragraph 109, except state that, with respect to the averments concerning "trade libel," no responsive pleading is required as it is an assertion of law.

30. Deny the averments of paragraph 111 to the extent they relate to Defendants Incremax and Gerontianos.

## FIRST DEFENSE

31. Defendants Incremax and Gerontianos never accessed any of Plaintiff's computers or computer systems, or any other "protected computer" as such term is defined in the Computer Fraud and Abuse Act, nor did they instruct or request Defendant Giuffre, or Defendant Giuffre's assistant, to do so.

32. Defendants Incremax and Gerontianos never transmitted any of Plaintiff's alleged confidential and proprietary business information and trade secrets via Defendant Giuffre's Yahoo email account, nor did they instruct or request Defendant Giuffre, or Defendant Giuffre's assistant, to do so.

33. Defendants Incremax and Gerontianos did not know prior to December 2006 that Defendant Giuffre or his assistant allegedly accessed, took, or transmitted Netsoft's alleged confidential and proprietary business information.

34. In fact, Defendants Incremax and Gerontianos never opened the attachments to the emails Netsoft identifies in paragraphs 22, 23, and 24 of the Complaint.

35. By reason of the foregoing, Plaintiff has not suffered damages due to Defendants Incremax's and Gerontianos' alleged violation of the Computer Fraud and Abuse Act.

## SECOND DEFENSE

36. Defendants Incremax and Gerontianos repeat and restate paragraphs 31 through 35 herein.

37. Plaintiff's Second Cause of Action has been dismissed in its entirety pursuant to the Stipulation of Dismissal Without Prejudice entered into between Plaintiff and Defendants Incremax and Gerontianos on June 26, 2007.

38. Notwithstanding the foregoing, Defendants Incremax and Gerontianos did not engage in a scheme to defraud Plaintiff, nor did they engage in any predicate acts in furtherance of such an alleged scheme.

39. Nor did Defendants Incremax and Gerontianos conspire with Defendant Giuffre to pursue a scheme to defraud Netsoft.

### THIRD DEFENSE

40. Defendants Incremax and Gerontianos repeat and restate paragraphs 31 through 40 herein.

41. Defendants Incremax or Gerontianos never instructed or requested that Defendant Giuffre disclose any confidential information about Netsoft, its business, clients and potential customers. To the contrary, Defendants Incremax and Gerontianos instructed Defendant Giuffre not to divulge any of Netsoft's confidential information.

42. At the time of Defendant Giuffre's separation from employment with Netsoft, Defendants Incremax and Gerontianos were unaware of any contractual obligations between Defendant Giuffre and Netsoft.

43. At no time did Defendants Incremax and Gerontianos ever seek to interfere with any obligation Defendant Giuffre might have to maintain the confidentiality of Netsoft information.

44. Because Netsoft terminated Defendant Giuffre's employment, the terms of the alleged restrictive covenants in the alleged Employment Agreement referenced in the Complaint are not enforceable.

45. By reason of the foregoing, Defendants Incremax and Gerontianos did not interfere with Netsoft's contractual relations with Defendant Giuffre.

## **FOURTH DEFENSE**

46. Defendants Incremax and Gerontianos repeat and restate paragraphs 31 through 46 herein.

47. Defendants Incremax and Gerontianos did not use any Netsoft information, whether in the course of their business or otherwise.

48. Nor did Defendants Incremax and Gerontianos gain any customers by allegedly using Netsoft information. Any customers Defendants Incremax and Gerontianos have gained were due to Defendants Incremax's and Gerontianos' own efforts.

49. In fact, Defendant Incremax and Netsoft generally target different types of potential customers: Defendant Incremax targets larger organizations, while Netsoft targets small and mid-sized organizations.

50. Defendants Incremax and Gerontianos did not use Netsoft's information to win the contract for consulting services which Netsoft references in paragraph 26 of the Complaint. This contract was awarded to Defendant Incremax months before the emails alleged in paragraphs 22 through 24 were sent, and solely based on Incremax's own efforts.

51. Defendants Incremax and Gerontianos did not conspire with Defendant Giuffre to deprive Netsoft of the benefit of its business relationships.

52. By reason of the foregoing, Defendants Incremax and Gerontianos have not interfered with Netsoft's prospective business relations.

53. Nor has Netsoft suffered any damages as a result of Defendants Incremax's and Gerontianos' actions because Defendants Incremax and Gerontianos have not gained any business by allegedly using Netsoft information.

## FIFTH DEFENSE

54. Defendants Incremax and Gerontianos repeat and restate paragraphs 31 through 54 herein.

55. Defendants Incremax and Gerontianos did not conspire with Defendant Giuffre to misappropriate any of Netsoft's trade secrets or confidential and proprietary business information.

56. Nor did Defendants Incremax and Gerontianos disclose or use any of Netsoft's trade secrets or confidential and proprietary business information.

57. By reason of the foregoing, Defendants Incremax and Gerontianos have not misappropriated any of Netsoft's trade secrets, and Netsoft has not suffered any damages as a result of Defendants Incremax's and Gerontianos' actions.

## SIXTH DEFENSE

58. Defendants Incremax and Gerontianos repeat and restate paragraphs 31 through 58 herein.

59. Defendants Incremax and Gerontianos did not act in concert with Defendant Giuffre in connection with any alleged conversion of Netsoft's property, nor did Defendants Incremax and Gerontianos conspire with Defendant Giuffre to convert any of Netsoft's property.

60. Defendants Incremax and Gerontianos never engaged in any action to deliberately or willfully injure Netsoft, nor did they ever intend to engage in any action to deliberately or willfully injure Netsoft.

61. By reason of the foregoing, Defendants Incremax and Gerontianos never have converted or conspired to convert, any of Netsoft's property and, accordingly, Netsoft has not suffered damages due to Defendants Incremax's and Gerontianos' actions, nor is Netsoft entitled to an award of punitive damages.

## SEVENTH DEFENSE

62. Defendants Incremax and Gerontianos repeat and restate paragraphs 31 through 62 herein.

63. Defendants Incremax and Gerontianos have not engaged in any wrongful action that has afforded them an unfair competitive advantage over Netsoft.

64. Defendants Incremax and Gerontianos never have used any of Netsoft's confidential and proprietary business information or trade secrets in their business.

65. Nor have Defendants Incremax and Gerontianos conspired with Defendant Giuffre to engage in any wrongful acts to obtain an unfair competitive advantage over Netsoft.

66. By reason of the foregoing, Defendants Incremax and Gerontianos have not engaged in unfair competition, and accordingly, Netsoft has not suffered damages as a result of Defendants Incremax's and Gerontianos' actions.

## EIGHTH DEFENSE

67. The Complaint fails to state any claim against Defendants Incremax and Gerontianos upon which relief may be granted.

**NINTH DEFENSE**

68. Netsoft may not seek to impose liability upon Defendants Incremax and Gerontianos for Defendant Giuffre's acts due to *respondeat superior* because Defendant Giuffre either was (i) not employed by or otherwise acting as an agent of Defendants Incremax and Gerontianos when he committed the alleged tortious acts, or (ii) acting outside the scope of his employment when he committed the alleged tortious acts.

Dated: New York, New York
August 10, 2007

SEWARD & KISSEL LLP


By:  /s/ M. William Munno
M. William Munno (MM 8861)
Julia C. Spivack (JS 6054)
One Battery Park Plaza
New York, New York 10004
Telephone:  (212) 574-1587
Facsimile:  (212) 480-8421

*Attorneys for Defendants Incremax Technologies Corporation and Kerry Gerontianos*

SK 52286 0001 763084 v2